Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:21-CR-00146-SMJ |
| Plaintiff, | Plea Agreement |
| v. | |
| CHANCE THE WIND SMITH, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Richard R. Barker, Assistant United States Attorney for the Eastern District of Washington, and Chance The Wind Smith ("Defendant"), both individually and by and through Defendant's counsel, Federal Defender Andera George, agree to the following Plea Agreement.

1. <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to Information Superseding Indictment filed July 27, 2022, which charges Defendant with Assault with a Dangerous Weapon in Indian Country, in violation of 18 U.S.C. §§ 113(a)(3), 1153 and Theft in Indian Country in violation of 18 U.S.C. §§ 661, 1153.

With respect to the Assault with a Dangerous Weapon charge, Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of up to ten years;

PLEA AGREEMENT - 1

      b.    a term of supervised release of up to 3 years;

      c.    a fine of up to $250,000;

      d.    restitution; and

      e.    a $100 special penalty assessment.

With respect to the Theft in Indian Country count, Defendant understands that the following potential penalties apply:

      a.    a term of imprisonment of up to 5 years;

      b.    a term of supervised release of up to 3 years;

      c.    a fine of up to $250,000;

      d.    restitution; and

      e.    a $100 special penalty assessment.

The Defendant understands that by entering pleas of guilty to two charges, the Court may impose consecutive sentences and that the total maximum penalties applicable to this Plea Agreement and the Defendant's pleas of guilty are not more than a 15-year term of imprisonment; an aggregate fine of not more than $500,000; and a term of 3-years' supervised release. An aggregate special penalty assessment of $200 ($100 for each count of conviction) is statutorily prescribed and will be applied.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

      a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

      b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

PLEA AGREEMENT - 2

   c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense(s) of conviction.

  3. <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

   a. sentencing is a matter solely within the discretion of the Court;

   b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

   c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

   d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

   e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

   f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

  4. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

   a. pleading guilty in this case may have immigration consequences;

PLEA AGREEMENT - 3

      b.      a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

      c.      removal from the United States and other immigration consequences are the subject of separate proceedings; and

      d.      no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

      a.      the right to a jury trial;

      b.      the right to see, hear and question the witnesses;

      c.      the right to remain silent at trial;

      d.      the right to testify at trial; and

      e.      the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6. <u>Elements of the Offense</u>

PLEA AGREEMENT - 4

The United States and Defendant agree that in order to convict Defendant of Assault Resulting with a Dangerous Weapon in Indian Country, in violation of 18 U.S.C. §§ 113(a)(3), 1153, the United States would have to prove the following beyond a reasonable doubt.

    a.  *First*, on or about September 11, 2021, in the Eastern District of Washington, Defendant assaulted B.L. by intentionally striking B.L. and using a display of force that reasonably caused B.L. to fear immediate bodily harm;

    b.  *Second*, Defendant acted with the intent to do bodily harm to B.L.;

    c.  *Third*, Defendant used a dangerous weapon;

    d.  *Fourth*, the assault took place within the exterior boundaries of the Colville Indian Reservation, in Indian country;

    e.  *Fifth*, Defendant is an Indian and an enrolled member of the Confederated Tribes of the Colville Reservation; and

    f.  *Sixth*, the Confederated Tribes of the Colville Reservation is a federally-recognized tribe.

The United States and Defendant agree that in order to convict Defendant of Theft in Indian Country, in violation of 18 U.S.C. §§ 661, 1153, the United States would have to prove the following beyond a reasonable doubt.

    a.  *First*, on or about September 11, 2021, in the Eastern District of Washington, Defendant took and carried away personal property belonging to someone other than Defendant;

    b.  *Second*, Defendant acted with intent to steal or purloin the property;

    c.  *Third*, the value of the property was more than $1,000;

    d.  *Fourth*, the theft took place within the exterior boundaries of the Colville Indian Reservation, in Indian country;

  e. *Fifth*, Defendant is an Indian and an enrolled member of the Confederated Tribes of the Colville Reservation; and

  f. *Sixth*, the Confederated Tribes of the Colville Reservation is a federally-recognized tribe.

7. <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On the evening of September 11, 2021, Colville Police and Emergency Medical Technicians responded to a shooting at 1120 Lone Pine HUD, within the exterior boundaries of the Colville Tribe Reservation and within Okanogan County. The victim, B.L., had a gunshot injury to his abdomen. Witnesses report Chance The Wind Smith had gone to his ex-girlfriend's residence to drop off his children, where B.L. was present. A verbal altercation occurred, and Mr. Smith shot B.L. in the stomach. Mr. Smith then took B.L.'s vehicle, a Blue 2008 Dodge Charger, and fled the scene in B.L.'s vehicle, which was valued at over $1,000 at the time of the offense. Mr. Smith did not have authorization to take B.L.'s Blue 2008 Dodge Charger.

B.L. was transported to Mid Valley Hospital by Lifeline Ambulance, where he was taken into surgery. He was then airlifted to Harbor View Medical Center in

PLEA AGREEMENT - 6

Seattle for additional medical treatment. As a result of the shooting, B.L. suffered life-threatening bodily injury.

Later that evening, Mr. Smith's roommate called law enforcement and advised Mr. Smith wished to turn himself in. Law enforcement met at Mr. Smith's residence, and he was taken into custody without incident.

8. The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss the counts of the Indictment filed on October 19, 2021, which charges Defendant with Assault with a Dangerous Weapon in Indian Country (Count 1); Assault Resulting in Serious Bodily Injury in Indian Country (Count 2) and Discharging and Using a Firearm During and Relation to a Crime of Violence (Count 3).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. Defendant and the United States agree to the following Guidelines calculations.

    a. Count 1: Assault with a Dangerous Weapon in Indian Country

        i. Base Offense Level

The United States and the Defendant agree that the base offense level for Assault with a Dangerous Weapon in Indian Country is 14. *See* U.S.S.G. §2A2.2(a).

        ii. Special Offense Characteristics

PLEA AGREEMENT - 7

The United States and the Defendant agree that Defendant's base offense level is increased by 6 levels because B.L. suffered permanent and/or life-threatening bodily injury. U.S.S.G. § 2A2.2(b)(3)(B).

The United States and the Defendant agree that Defendant's base offense level is increased by 5 levels because a firearm was discharged. U.S.S.G. § 2A2.2(b)(2)(A).

Under U.S.S.G. § 2A2.2(b)(3), the total cumulative adjustment for these special offense characteristics cannot exceed 10 levels. Accordingly, the cumulative adjustment for the seriousness of the injury and the discharge of the firearm is 10.

     b.    Count 2: Theft in Indian Country

         i.    Base Offense Level

The United States and the Defendant agree that the base offense level for Theft in Indian Country is 6. *See* U.S.S.G. §2A2.2(a).

         ii.    Special Offense Characteristics

The United States and the Defendant agree that Defendant's base offense level is increased by 2 levels because the offense involved a theft from the person of another. *See* U.S.S.G. § 2B1.1(b)(3). The United States reserves the right to argue at sentencing that Defendant's base offense level is increased by 6 levels because the offense involved possession of a dangerous weapon in connection with the offense. Defendant reserves the right to oppose this upward adjustment.

     c.    Obstructing or Impeding the Administration of Justice

The United States and Defendant have not reached an agreement with respect to whether Defendant obstructed or impeded the administration of justice. The United States is free to argue for this adjustment at sentencing and Defendant is free to oppose it. If this adjustment is deemed to apply, Defendant's base offense level would be increased 2 levels. *See* U.S.S.G. § 3C1.1.

     d.    Acceptance of Responsibility

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G.

PLEA AGREEMENT - 8

§ 3E1.1(a), (b), if Defendant does the following:

    i.    accepts this Plea Agreement;

    ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.    provides complete and accurate information during the sentencing process; and

    v.    does not commit any obstructive conduct.

Defendant and the United States agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    e.    <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    f.    <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

    10.    <u>Incarceration</u>

PLEA AGREEMENT - 9

The United States is free to recommend any legal sentence at the time of sentencing up to 10 years, which is the statutory maximum for the Assault with a Dangerous Weapon charge.

Defendant may recommend any legal sentence.

11. <u>Supervised Release</u>

The United States and Defendant each agree to recommend 3 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b. Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

    c. Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

12. <u>Criminal Fine</u>

PLEA AGREEMENT - 10

The United States and Defendant agree to recommend that the Court not impose any fine in this case.

13. **Mandatory Special Penalty Assessment**

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

14. **Restitution**

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

  a. **Restitution Amount and Interest**

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing, and that any interest on this restitution amount, if any, should be waived.

  b. **Payments**

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

  c. **Treasury Offset Program and Collection**

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all

PLEA AGREEMENT - 11

of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement. Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

      d.    <u>Notifications and Waivers</u>

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). These obligations ceases when Defendant's restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

    15.    <u>Payments While Incarcerated</u>

PLEA AGREEMENT - 12

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

16. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

17. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

18. <u>Compassionate Release</u>

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion

PLEA AGREEMENT - 13

for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

    a. Medical Condition of Defendant.

        vi. Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

        vii. Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

    b. Age of Defendant.

        viii. Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

        ix. Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18

PLEA AGREEMENT - 14

U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

 c. Family Circumstances.

  x. The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

  xi. Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

 d. Subsequent Reduction to Mandatory Sentence.

  xii. Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

  xiii. after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

  xiv. the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

 e. Ineffective Assistance of Counsel.

  xv. Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

   1. did not know at the time of Defendant's guilty plea, and

   2. could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

PLEA AGREEMENT - 15

19. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

20. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the

PLEA AGREEMENT - 16

United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____  8/9/2022
Richard R. Barker                Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____  6/9/2022
Chance The Wind Smith            Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

PLEA AGREEMENT - 17

_(signature)_  8-9-2022

Andera George  
Attorney for Defendant

Date

PLEA AGREEMENT - 18